## W. G. ROBINSON *v.* CITY OF LOUISVILLE.

[Kentucky Law Reporter, Vol. 3—444.]

**Dismissal of Policeman.**

A policeman, duly elected by the police commissioners of the city of Louisville, who is dismissed by the mayor, has a right to appeal to the commissioners from such dismissal; but where he fails to exercise such right he can not maintain an action against the city for his salary after dismissal by alleging his willingness to perform the duties of his office.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

December 6, 1881.

OPINION BY JUDGE PRYOR:

The appellant was elected a policeman of the city of Louisville for three years from the 19th of January, 1878, and having been commissioned as required by the city charter, proceeded to discharge the duties of a policeman. On the 21st of January, 1879, the mayor of the city issued an order dismissing him from the police force in the following words: "For cause which I deem sufficient you are hereby dismissed from the police force of the city of Louisville." Signed, Wm. G. Baxter, and addressed to the appellant. The appellant filed this petition against the city, alleging his removal without cause, seeking to recover the regular pay due him as a member of the police organization, averring that he was at all times in readiness to discharge his duties and so notified the chief of police, and denying the right of the mayor to remove him without cause. He further alleges that no cause was assigned for his dismissal and none in fact existed. By the City Charter, § 32, the mayor, the president of each board of the general council, and the chairman of the police committee of each board constitute a board of police commissioners with the power to elect the police force. By § 39 of the charter the mayor is empowered to dismiss any member of the police for intermeddling with or directly or indirectly taking part in elections further than to vote, for failing to perform any duties imposed on him as a policeman, for neglect of his family, or for any other cause he may deem sufficient.

It is urged in argument of counsel for the city that under this general power of removal the mayor can act without making any

specific charges against the accused, and by appellant's counsel that his client is entitled to know the nature of the complaint made that he may have an opportunity of disproving it. It is not necessary for this court to pass upon this question, as the examination of other provisions of the city charter satisfied us that appellant's remedy is by an appeal to the tribunal created by the charter for hearing such complaints and not to the courts of the state. Section 39 of the charter provides among other things, "But any policeman so dismissed may appeal to the board of police commissioners, and if the action of the mayor be not sustained, the commissioners may restore such policeman to his place." There is no reason assigned why this appellant could not avail himself of the plain remedy provided by the provisions of the charter under which he was elected, as the commissioners had full and complete power to reinstate him if he had been removed without cause. The court below acted properly in declining to supervise the action of the mayor in his attempt to maintain an effective police force within the city, or to interfere with the terms of the charter that invest those who understand the entire plan of police organization, and the rules by which its members are governed, with the power to hear the complaint where the act of removal is complained of.

It is asserted, however, that as the dismissal was without cause there is nothing to appeal from. We cannot adopt this view of the question, nor hold the order of dismissal void. The power of removal exists, and if without cause the board of commissioners is authorized to take cognizance of the case and reinstate the appellant. The denial of the jurisdiction in the court below only remands the appellant to a tribunal with more facilities for investigating the wrong of which he complains. If reinstated the court will listen to his claim for compensation.

Judgment *affirmed*.

C. B. Seymour, for appellant.

T. L. Burnett, for appellee.